IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOE HOLMES, ) | |
| ) | |
| Plaintiff, ) | Case No. CV03-514-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| IDAHO POWER COMPANY SECURITY PLAN ) FOR SENIOR MANAGEMENT EMPLOYEES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Plaintiff Joe Holmes initiated this action against Defendant Idaho Power Company Security Plan for Senior Management Employees ("the Plan"), seeking future benefits under the Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. In particular, Holmes alleges that after his involuntary termination at age 48, the Administrative Committee improperly calculated his separation benefits under the Plan pursuant to § 6.4, for early termination, rather than under § 6.5, for "change in control." Holmes moved for summary judgment on the claims set forth in the Complaint. On May 31, 2005, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation, recommending that Holmes' Motion for Summary Judgment be denied, and that instead summary judgment be entered in favor of the Plan.

     Holmes has filed objections to Magistrate Judge Williams' recommendation. Any party may challenge a magistrate judge's proposed recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

ORDER - Page 1
05ORDERS\Holmes_Ord

**Discussion**

The factual background of this case is covered in detail by the Report and Recommendation, and the Court need not repeat it here. Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. <u>Summers v. A. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1152 (9th Cir. §1997). "[I]f one party moves for summary judgment and . . . it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party." <u>Cool Fuel, Inc. v. Connett</u>, 685 F.2d 309, 311 (9th Cir. 1982).

<u>1. Preliminary Matters</u>

Initially, there are several preliminary matters the Court must address prior to reviewing the merits of Holmes' substantive claim. First, Holmes objects to the magistrate judge's recommendation that the Second Affidavit of Joe Holmes be stricken. Contrary to Holmes' objection, however, the magistrate judge correctly identified the applicable rules that applied to the submission of Holmes' Second Affidavit. (Report and Recommendation at 8 (reviewing, among other rules, Federal Rule of Civil Procedure 56(e)). And the magistrate judge properly concluded that Rule 7.1 of the Local Rules of Civil Procedure required Holmes to seek leave of the Court prior to filing a supplemental affidavit. (<u>Id.</u>). That Holmes failed to do so is undisputed. And his effort to shift the responsibility to Defendant "to request an opportunity to respond" is not consistent with the requirements of Rule 7.1. Therefore, the Defendant's Motion to Strike Second Affidavit of Joe Holmes will be granted.

Holmes also objects to the magistrate judge's decision to permit additional submissions with respect to Plaintiff's Motion for Summary Judgment. This ruling by the magistrate judge was not contained in the Report and Recommendation but was ordered at the hearing on the Motion for Summary Judgment, conducted on April 27, 2005. (Hearing Minutes of 4/27/05). If Holmes disagreed with the magistrate judge's order he was required

to make a timely objection. Where, as here, a magistrate judge makes a determination that is "not dispositive of a claim or defense of a party," any objection must be filed with ten (10) days, otherwise the "party waives his or her right to assign as error any defect in the magistrate judge's order." D. Idaho L. Civ. R. 72.1.  The purpose of the Rule is clear: to provide a mechanism to timely contest and correct any error so as to avoid the needless expenditure of judicial resources.  The consequence of ignoring the Rule can be seen here. Rather than noting an objection and obtaining a decision from the district court prior to the magistrate judge's resolution of the Motion for Summary Judgment, Holmes wants a "do over" now that the magistrate judge has issued an unfavorable Report and Recommendation. This is not permitted, and any objection to the magistrate judge's order of April 27, 2005 has been waived.  See Cole v. U.S. Dist. Court For Dist. of Idaho, 366 F.3d 813,818, 822 & n.14 (9th Cir. 2004).

### 2. Holmes' Objections

Critical to the resolution of this matter is a determination of the appropriate standard for reviewing the Administrative Committee's decision to deny Holmes benefits under § 6.5 for "change in control."  As the magistrate judge correctly observed, where, as here, "a benefit plan gives the administrator . . . the discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the court will review the exercise of that discretion to deny benefits under an abuse of discretion standard" unless there is evidence that the administrator is operating under a conflict of interest. (Report and Recommendation at 9). If a beneficiary comes forward with "material, probative evidence" of an "actual and serious conflict," then absent a showing by the administrator that its decision was untainted by the conflict of interest, the court will apply a *de novo* review of the administrator's

decision.[1] (Id. at 9-10 (citing Atwood v. Newmont Gold Co., 45 F.3d 1317, 1322 (9th Cir. 1995)).

Holmes argued to the magistrate judge, and argues again in his objections, that the Administrative Committee's decision was tainted by self-interest because it felt that Holmes earned excessive bonuses and made too much money. According to Holmes, this resulted in a decision that was inconsistent with prior benefit calculations for other beneficiaries and accordingly the Administrative Committee "arbitrarily refused to apply the correct Plan section, § 6.5, and instead employed § 6.4 to reduce [Holmes'] benefits." (Objections at 6-7).

The magistrate judge, however, considered Holmes' arguments on this matter and concluded that Holmes' contentions were not supported by the requisite material, probative evidence. (Report and Recommendation at 11-12). Having reviewed the record, the Court agrees that there is a lack of evidence to establish an "actual and serious conflict." Contrary to Holmes' assertion, the record does not contain probative evidence of a bias in applying the Plan's compensation calculations. Therefore, the magistrate judge correctly applied an abuse of discretion standard to a review of the Administrative Committee's benefit determination. See, e.g., McDaniel v. Chevron Corp., 203 F.3d 1099, 1108-10 (9th Cir. 2000).

Application of the abuse of discretion standard to the Administrative Committee's decision effectively resolves the remaining objections. While Holmes' somewhat tortured reading of the Plan's provisions may be plausible, it by no means makes unreasonable the Administrative Committee's interpretation of the Plan. As the magistrate judge explained, the Administrative Committee did not unreasonable construe the "change in control" provision and the Administrative Committee's interpretation of § 6.4 and § 6.5 does not conflict with the plain language of the Plan. (Report and Recommendation at 13-15).

---

[1] Holmes contends that the magistrate judge should have applied some heightened standard of review based solely on an apparent conflict of interest. (Objections at 5-6). But this is contrary to the case law. See, e.g., McDaniel v. Chevron Corp., 203 F.3d 1099, 1108 (9th Cir.2000). Instead, a court applies a "less deference test," which, as noted above, requires initially that the plaintiff come forward with "material, probative evidence, beyond the mere fact of the apparent conflict." Id.

Similarly, the evidence regarding the Administrative Committee's benefit calculations for other beneficiaries does not show that its benefit calculation for Holmes was arbitrary.[2] (Id. at 15-19 and Appendix I).

## ORDER

Having conducted a de novo review of the objected to portions of the Report and Recommendation, this Court finds that Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on May 31, 2005 (docket no. 59), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (docket no. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 30) is **DENIED..**

**IT IS FURTHER ORDERED** that **summary judgment is GRANTED** in favor of Defendant and that this case is **DISMISSED** in its entirety.

DATED: **August 4, 2005**

Honorable Edward J. Lodge
U. S. District Judge

---

[2] Holmes concedes he received an explanation from the Administrative Committee for its decision but argues that it was not "meaningful." It's apparent, however, that Holmes believes that the explanation was not "meaningful" because it conflicts with his view of the "change in control" provision. (Reply at 8-9).